IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BINGER OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff in interpleader, | ) | |
| v. | ) | NO. CIV-14-0035-HE |
| | ) | |
| BRENDA SHEMAYME EDWARDS, | ) | |
| PHILLIP M. SMITH, and | ) | |
| CADDO TRIBAL COUNCIL, | ) | |
| | ) | |
| Defendants in interpleader. | ) | |

# ORDER

Binger Operations, LLC ("Binger") filed this interpleader action against Brenda Shemayme Edwards, Phillip M. Smith, and the Caddo Tribal Council, seeking a determination of the respective rights of the defendants in interpleader ("defendants") to receive oil and gas severance taxes. Both Mr. Smith and Ms. Edwards claim to be the Chairman of the Caddo Nation, and both have purported to file documents on behalf of the Caddo Tribal Council.[1] Mr. Smith and, according to his/its motion, the Caddo Tribal Council, have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Ms. Edwards and, according to her/its response, the Caddo Tribal Council, have responded in support of the motion to the extent that it challenges this court's jurisdiction. Binger has responded, and the motions are at issue.

---

[1] It appears the underlying dispute involves the recall, or purported recall, of Ms. Edwards as chairman of the Tribe. She contends she is still the chairman. Mr. Smith contends she is not and that he is the acting chairman.

1

Background

According to the complaint, Binger owns and operates oil and gas properties on Caddo tribal land, for which it pays monthly severance taxes to the Caddo Nation ("the Tribe"). In December 2013, after the dispute as to the leadership of the Tribe arose, Binger received conflicting demands for payment of the severance taxes from Smith and Edwards. Unable to determine to which party to remit the payments, Binger filed this interpleader action seeking a determination of the proper recipient of the taxes.

The defendants have moved to dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). They argue that the court lacks subject matter jurisdiction because of the Tribe's sovereign immunity, which, they assert, extends to the individual defendants as officials of the Tribe. They further argue that plaintiff has not exhausted available tribal remedies.

Discussion

An Indian tribe may be sued only if it waives its immunity or Congress has authorized the suit. Miner Elec., Inc. v. Muscogee (Creek) Nation, 505 F.3d 1007 (10th Cir. 2007). "'Tribal sovereign immunity is a matter of subject matter jurisdiction . . . ,'" *id.* at 1009 (quoting E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1302-03 (10th Cir. 2001)), and plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274

2

(10th Cir. 2003).[2]

Plaintiff does not argue that the Tribe has waived its immunity or that Congress has authorized this suit. Instead, it argues that sovereign immunity only protects tribal officials acting within the scope of their authority and that, as both Smith and Edwards claim to hold the same position, they cannot both be acting within the scope of their authority. That may well be true, but it does not help the plaintiff in the circumstances existing here. Even if both purported tribal leaders cannot be acting within the scope of actual authority as chairman, surely one of them is. And since that person—whoever it is—has invoked sovereign immunity, the court lacks the authority to enter a binding judgment as to him/her. The nature of an interpleader action is to resolve competing claims of the parties and that presupposes the court's authority to enter a judgment binding on all parties. *See* 28 U.S.C. § 1335(b). Based on the parties' submissions, there is no basis here for concluding other than that sovereign immunity precludes entry of judgment as to at least one of the necessary parties.

The same result follows from application of the principle requiring exhaustion of available tribal remedies before resorting to federal court. In Bank of Oklahoma v. Muscogee (Creek) Nation, 972 F.2d, 1166 (10th Cir. 1992), the Tenth Circuit held that interpleader actions do not represent an exception to the rule of tribal sovereign immunity and that, before such a case could proceed in federal court, the plaintiff must first exhaust tribal court remedies. *Id.* at 1170. Plaintiff argues that it cannot exhaust tribal court remedies

---

[2]*When determining whether subject matter jurisdiction exists, a court may consider matters outside the pleadings. See Southway, 328 F.3d at 1274.*

because the Caddo Nation does not have a tribal court. [Doc. #30, pg. 4]. However, the submission of Smith/Caddo Tribal Council indicates that the Tribe, acting through the Caddo Tribal Active Membership, has granted jurisdiction to the CFR Court to resolve this specific dispute. *See* [Doc. #18, pg. 4; Doc. #18-1]. It is unclear whether, under the Tribe's governing documents or the particular circumstances of the resolution's adoption, this action by the "active membership" of the Tribe is effective. However, it is unnecessary to resolve that question, as the exhaustion doctrine appears to apply to the circumstances involved here in any event. Even without a tribal court, "there should be given to the tribal authorities an adequate opportunity to resolve the problem. This should be done whether or not specific machinery is provided for the resolution of such a particular problem . . . ." McCurdy v. Steele, 506 F.2d 653, 656 (10th Cir. 1974); *see also* White v. Pueblo of San Juan, 728 F.2d 1307, 1313 (10th Cir. 1984) ("[S]peculative futility is not enough to justify federal jurisdiction. The tribal remedy must be shown to be nonexistent by an actual attempt before a federal court will have jurisdiction. The contention of [plaintiff] that a valid tribal remedy is nonexistent is a contention without any merit."). Where, as here, the underlying dispute is one of internal tribal governance, insistence on exhaustion of tribal court (or other) remedies is particularly appropriate.

Accordingly, defendants' motions to dismiss [Doc. Nos. 17 & 19] are **GRANTED**. This case is **DISMISSED.** The funds deposited in the registry of the court pursuant to the court's January 22, 2014, order [Doc. # 13] shall be returned to plaintiff.

4

**IT IS SO ORDERED**.

Dated this 11th day of March, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE